# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2014

Lyle W. Cayce
Clerk

SCOTTSDALE INSURANCE COMPANY,

Plaintiff–Appellee

v.

LOGANSPORT GAMING, L.L.C.; LOGANSPORT TRUCKSTOP, L.L.C.;
SABINE RIVER RESTAURANT,

Defendants–Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-01673

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

This case concerns the interpretation of an insurance policy issued by Plaintiff–Appellee Scottsdale Insurance Company ("Scottsdale") to Defendants–Appellants Logansport Gaming, L.L.C., Logansport Truckstop, L.L.C., and Sabine River Restaurant (together "Logansport"). The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30645

court granted summary judgment in favor of Scottsdale. For the reasons below, we affirm.

## I.　BACKGROUND

Scottsdale issued Logansport an insurance policy for commercial general liability and property insurance ("the Policy"), insuring a property in Logansport, Louisiana. The property included a truck stop, a convenience store, video poker machines, and a restaurant. The Policy contains a Protective Safeguards Endorsement, which provides in pertinent part:

> PROTECTIVE SAFEGUARDS
> A. The following is added to the Commercial Property Conditions
> PROTECTIVE SAFEGUARDS
> 1. As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above [Fire Extinguishers and Ansul System].
> 2. The protective safeguards to which this endorsement applies are identified by the following symbols:
> . . .
> "P-9" The protective system described in the Schedule [Fire Extinguishers and Ansul System].
> B. The following is added to the EXCLUSIONS section of the Causes of Loss- Special Form:
> We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:
> 1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
> 2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

Logansport purchased and installed a fire suppression system in the vent hood above the stove in the restaurant kitchen. Logansport hired Ark-La-Tex Fire Systems to service the fire suppression system and inspect it semi-annually. Ark-La-Tex Fire Systems last inspected the Logansport fire suppression system in August 2010. On January 31, 2011, a fire occurred in

2

No. 13-30645

Logansport's restaurant kitchen, causing damage to the property. Logansport filed a claim on the Policy the same day. Scottsdale investigated the claim, particularly whether the fire suppression system had been maintained "in such a condition that it should have operated." Its investigation concluded that the system did not activate on the day of the fire and that, even if it had activated, missing parts would have rendered the system ineffective in suppressing the fire.

On September 15, 2011, Scottsdale brought this suit in federal court seeking a declaratory judgment that the Policy did not provide coverage for the damage.[1] Scottsdale moved for summary judgment, claiming that the policy barred coverage because it required Logansport to maintain its fire suppression system "in complete working order." Logansport[2] contended that it complied with the Policy by acting with due diligence and in a reasonably prudent manner in maintaining the fire suppression system.

The district court granted summary judgment for Scottsdale. The district court found that the Policy's requirement that Logansport not only "maintain" the system, but "maintain it in complete working order" meant that the system had to be working at the time of the fire for Logansport to receive coverage. Thus, because Logansport conceded that the system did not work on the date of the fire and because Logansport did not provide any alternative interpretation of the Policy's language, summary judgment for Scottsdale was appropriate. Logansport filed a timely notice of appeal.

---

[1] Logansport made a counterclaim, which the district court dismissed. Logansport does not appeal this ruling.

[2] Sabine River Restaurant did not oppose Scottsdale's Motion for Summary Judgment below. Accordingly, it has waived its right to appeal.

No. 13-30645

## II.   DISCUSSION

Logansport seeks review of a final judgment of the district court. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

This Court reviews a district court's ruling on summary judgment de novo, applying the same standard as the district court in the first instance. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).  Summary judgment should be granted only when there is "no genuine dispute as to any material fact and . . . the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An interpretation of an insurance policy provision is likewise an issue of law reviewed de novo. *Travelers Lloyds Ins. Co. v. Pac. Emp'rs Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010).

Having diversity jurisdiction over this action, we apply the substantive law of the forum state.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In the underlying action, Louisiana is the forum state, and thus, Louisiana law governs this dispute.   Louisiana courts construe insurance policies using ordinary contract principles.  *Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993).   An insurance contract's clear and unambiguous language will be enforced as written, but any ambiguous provisions must be construed in favor of coverage to the insured and against the insurer who issued the policy.  *Id.* (citing *Cent. La. Elec. Co. v. Westinghouse,* 579 So. 2d 981 (La. 1991); *Breland v. Schilling,* 550 So. 2d 609 (La. 1989)); *see also* La. Civ. Code Ann. art. 2046. Still, "[w]hen a literal interpretation will produce absurd consequences, the court may consider all pertinent facts and circumstances, including the parties' own conclusion of the instrument's meaning, rather than adhere to a forced meaning of the terms used." *Halphen v. Borja*, 2006-1465, p. 4 (La. App. 1 Cir. 5/4/07); 961 So. 2d 1201, 1205, *writ denied,* 2007-1198 (La. 9/21/07); 964 So. 2d 338.

4

No. 13-30645

On appeal, Logansport challenges the district court's interpretation of the Policy. Specifically, Logansport argues that (1) the Policy's language—to "maintain . . . in complete working order"—is ambiguous; (2) the district court's interpretation of the Policy leads to absurd results; and (3) due diligence is the proper standard for determining compliance with the Policy's requirements.

Scottsdale argues that Logansport's ambiguity and absurdity arguments about the interpretation of the Policy were not raised before the district court and should therefore be deemed waived. We agree that Logansport failed to raise its ambiguity and absurdity arguments before the district court. As the district court emphasized, Logansport did not frame its arguments as offering an interpretation of the language of the Policy itself. Accordingly, we deem Logansport's ambiguity and absurdity arguments waived on appeal. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

Logansport's lone remaining argument is that we should consider evidence of its due diligence in determining whether the Policy's exclusion for "fail[ing] to maintain any protective safeguard . . . in complete working order" applies. We disagree. Nothing in the plain language of the Policy suggests that to maintain the protective safeguards in complete working order means only to exercise due diligence in maintaining the safeguards listed. As the district court emphasized, the phrase "in complete working order" is crucial. There might be a genuine issue of material fact as to what actions are necessary to "maintain" protective safeguards. *See Charles Stores, Inc. v. Aetna Ins. Co.* 428 F.2d 989 (5th Cir. 1970) (holding that determination of whether insured maintained sprinkler and alarm systems was a "classic issue for jury"). Yet the Policy's use of the phrase "in complete working order" to modify "maintain" leaves no doubt that diligence alone is not enough to satisfy the plain terms of the Policy. In conceding that the fire suppression system did not work on the day of the fire, Logansport necessarily admits that its

system was not "in complete working order," and thus did not comply with the plain language of the Policy.

Scottsdale also filed a motion to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 27 for failure to "address the actual Judgment of the District Court." Logansport has adequately addressed the district court's judgment and we accordingly deny its motion.

## III.   CONCLUSION

Therefore, we DENY Scottsdale's motion to dismiss the appeal and AFFIRM the district court's grant of summary judgment for Scottsdale.